THE STATE v. JOE DAVIS, Appellant.—12 S. W. (2d) 426.

Division Two, December 18, 1928.

599

*Creech & Creech* for appellant.

*Stratton Shartel*, Attorney-General, and *J. W. Purteet*, Special Assistant Attorney-General, for respondent.

BLAIR, J.—Defendant was charged with and tried for murder in the first degree for killing Isom Cade. He was found guilty of manslaughter, was sentenced to imprisonment in the state penitentiary for a term of two years and has appealed.

The sufficiency of the evidence to make a case for the jury is not challenged by defendant, except that he contends that the evidence tended to show the defendant was guilty of murder in the first or second degree, or not guilty on the ground of self-defense, and that there was no evidence authorizing an instruction upon, or the defendant's conviction of, manslaughter.

The facts as stated in the brief of counsel are in substantial agreement and we need not state them at any length. Defendant and the deceased were negroes. Defendant and his wife operated a restaurant and soft-drink parlor in the city of St. Charles. They lived in a room in the rear of the restaurant. The fatal shooting occurred in the restaurant about seven o'clock, on the evening of November 21, 1926, in the presence of a number of defendant's patrons of the same race.

Deceased had been drinking. He had been in and around defendant's restaurant for sometime. The evidence tends to show that deceased had been using profane, abusive and threatening language. Shortly preceding the shooting, deceased had re-entered the restaurant. Defendant resented his language and ordered him to leave. Deceased challenged defendant's ability to put him out. The evidence tends to show that defendant procured his revolver from a drawer behind the bar or counter and put it under his apron and advanced toward the deceased. There was testimony tending to show that deceased had an open knife in his hand and defied defendant to put him out of the restaurant. When deceased came close to him, deceased struck at defendant with his knife. Thereupon defendant drew his revolver and fired a shot at deceased, striking him in the breast. Deceased walked out of the restaurant and fell in a near-by doorway and died within a few minutes.

There was evidence to show that deceased made no advance whatever toward defendant. A small unopened knife was found in his pockets after the shooting. Some of the witnesses testified that deceased had a knife in his hand and others said that they did not

see it. The shot was fired at such close range that fire was set to deceased's clothing.

In view of the assignments of error, the foregoing, which is a mere sketch of the evidence, will suffice. Numerous assignments of error were made in the motion for new trial, but defendant's counsel stated in argument that he waived everything except the two contentions which we will specially consider. Regardless of such purported waiver, it is our duty, under Section 4106, Revised Statutes 1919, to examine the record for ourselves and render such judgment thereon as is required.

Instruction 1, given by the court, was as follows:

"The court instructs the jury that the information in this case charges the defendant with the crime of murder in the first degree and that under the evidence and the law as submitted for your consideration in this case, it is your duty to find the defendant guilty of either murder in the first degree or murder in the second degree or manslaughter, as you may under your oath find and determine under the law and the evidence in the case.

"Should you fail to find the defendant guilty of any of said offenses it will be your duty to find the defendant not guilty.

"You will return your verdict through your foreman to the court."

There was evidence authorizing, and the court gave an instruction upon self-defense. Instruction 1 is said to be erroneous because it told the jury that it was its duty to find defendant guilty of murder in the first degree, murder in the second degree or manslaughter and failed to tell the jury that it could find defendant not guilty on the ground of self-defense. We think this contention is meritorious.

Instruction 1 did not purport to cover the case, but it did purport to tell the jury just what different kinds of verdicts it could render in compliance with its duty. That duty, as stated, was to find defendant guilty of one of the degrees of murder or of manslaughter. The instruction failed to tell the jury it could comply with its duty by finding defendant not guilty on the ground of self-defense. True, it told the jury "should you fail to find the defendant guilty of any of said offenses, it will be your duty to find the defendant not guilty." The instruction as a whole is subject to the criticism that in effect it told the jury that it was its *duty* to find defendant guilty of one of three offenses; but if the jury failed to do its "duty" in this respect, by failing "to find the defendant guilty of any of said offenses," then it could further perform its duty by finding defendant not guilty.

Instructions advising the jury of the several kinds of verdicts which are authorized by the evidence are not uncommon in the

records which come before us. But when such an instruction is given, it should cover every kind of verdict which could properly be rendered under the evidence. Failing in this respect, such an instruction is erroneous.

Instruction 1 also engendered conflict with the self-defense instructions. One juror might read a self-defense instruction and argue that the evidence warranted a verdict of not guilty on that ground. Another juror might turn to Instruction 1 and argue that, in the performance of its duty, the jury must find the defendant guilty of one of three offenses and could not discharge its duty by finding defendant not guilty on the ground of self-defense. Such conflict should never appear in a set of instructions. Instruction 1 was clearly erroneous. We also regard it as prejudicial.

Instruction 7 is assailed in brief and argument, first, because there was no evidence authorizing an instruction on manslaughter, and, second, because the instruction as given is erroneous for the reason that it took away defendant's right of self-defense and contradicts and nullifies the instructions given on self-defense.

Even assuming that there was no evidence that the defendant killed deceased in the heat of passion and that, if he did not kill deceased in self-defense, he was guilty of murder in the first or second degree and not properly guilty of manslaughter, yet, defendant cannot complain of the court's alleged error in giving Istruction 7 because of the provisions of Section 3692, Revised Statutes 1919, which section provides, among other things, that ''any person found guilty of murder in the second degree, or of any degree of manslaughter, shall be punished according to the verdict of the jury, although the evidence in the case shows him to be guilty of a higher degree of homicide.''

It has frequently been ruled that one found guilty of a lower degree of homicide than the evidence warrants, is in no position to complain of such conviction or because the court gave an instruction authorizing such conviction. [State v. Whitsett, 232 Mo. 511, l. c. 522, 134 S. W. 555, and cases cited.] This rule, based as it is upon our statute, is too well established to require further citation of authority.

There is no merit in the contention that Instruction 7 deprived defendant of his defense of self-defense. It specifically required the jury to find that the ''shooting and killing was not done in self-defense or in the protection and defense of the defendant's house as defined in other instructions given to you in the case.''

Instruction 9 was assailed in the assignment of errors, but such assignment was not pressed at the argument. Said instruction announces the correct rule as to the amount of force defendant could lawfully employ to eject the deceased from his premises, but im-

properly assumes that defendant was attempting to eject deceased at the time of the shooting. This was a question for the jury, even though there was no evidence that defendant approached deceased for any other purpose.

Defendant is not in position to complain that instructions asked by him were modified and given as modified, for the reason that the record fails to show such modifications and only shows that said instructions were given at defendant's request. If said instructions are in any wise incorrect, the error or errors are self-invited, so far as the record discloses. Such state of the record doubtless accounts for defendant's failure to urge this assignment in this court.

Defendant has not renewed in this court complaints as to rulings on the admission and rejection of testimony set forth in the motion for new trial. Our examination of the record discloses no reason for entering into a consideration of such assignments in this opinion. The sufficiency of the information is not challenged. It appears to be in the usual and often approved form and need not be set forth in this opinion.

For error in giving Instruction 1, which we deem to be prejudicial, the judgment is reversed and the cause remanded. *White, P. J.*, concurs; *Walker, J.*, concurs in the result.